IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2095-FL

| | | |
|---|---|---|
| OSBORNE PARNELL BENNETT, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RENOICE E. STANCIL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on the unopposed motion to dismiss (DE 10) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Renoice E. Stancil ("respondent"). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On March 6, 2008, in the Edgecombe County Superior Court, petitioner pleaded guilty to second-degree murder, and was sentenced to a term of one hundred ninety-six (196) to two hundred forty-five (245) months imprisonment. Resp't's Exs. 1, 2. Petitioner did not file a direct appeal.

On April 23, 2013, respondent filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred. Although he was notified of respondent's motion, petitioner did not file a response.

**DISCUSSION**

A.  Motion to Dismiss

    1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

    B.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was

> initially recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or D) the date on which the factual
> predicate of the claim or claims presented could have been
> discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. Petitioner pleaded guilty and judgment was entered on March 6, 2008. Petitioner thereafter had fourteen (14) days after the entry of judgment to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on March 20, 2008. As a result, petitioner's one-year statutory period began to run on March 20, 2008, and ran for three hundred sixty-five (365) days until it expired on March 20, 2009. Because petitioner filed this action subsequent to the expiration of the statute of limitations, the action is time-barred.

B.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the

issue is adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further.  Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 10) is GRANTED.  The certificate of appealability is DENIED.  The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 29th day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge